```
IN THE UNITED STATES DISTRICT COURT
   FOR THE WESTERN DISTRICT OF NORTH CAROLINA
              CHARLOTTE DIVISION
                 3:09cv112-W
```

|  |  |  |
|---|---|---|
| **MARGARET C. HILL,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| **MICHAEL J. ASTRUE, Commissioner** | ) | |
| **of Social Security,** | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

**THIS MATTER** comes before the Court upon Plaintiff's Supplement to IFP Application, filed April 6, 2009. (Doc. No. 5).

Initially, Plaintiff filed her original IFP Application (Doc. No. 2) seeking to proceed with her Complaint for "Supplemental Security Income disability benefits" (Doc. No. 1) without having to pay the costs associated with such action. However, Plaintiff's Application failed to explain exactly how much Government aid her household already is receiving. Indeed, the original Application indicated that in addition to being unemployed, having no money in an account, not owning a car, stocks, bonds, jewelry or any other property of value, and having approximately $400.00 in monthly household expenses, Plaintiff also receives undisclosed sums in "SSI, TANF, and food stamps" benefits. Accordingly, on March 23, 2009, the undersigned entered an Order denying Plaintiff's IFP Application without prejudice to her right to resubmit such request

with complete details of the amounts which she is receiving in public assistance.

To that end, on April 6, 2009, Plaintiff filed the instant Supplement, explaining that as custodian of her 11-year-old, totally disabled granddaughter, she is the representative payee for SSI checks valued at $674.00 per month; that as custodian of her nine-year-old, totally disabled granddaughter, she is the representative payee for SSI checks valued at $450.00 per month; that as the custodian of another nine-year-old granddaughter, she receives approximately $181.00 per month in Temporary Assistance to Needy Family or "TANF" (formerly "AFDC") benefits for that child's personal needs; and that she receives $260.00 per month in food stamps. Nevertheless, Plaintiff asserts that she does not have the authority to use any of the foregoing resources for her personal benefit. Therefore, Plaintiff asks -- notwithstanding that she receives more than $1,500.00 per month in public aid and her listed monthly expenses do not exceed $400.00 per month -- that this Court grant her IFP Application because she has no funds of her own from which to pay the applicable filing fee.

Though the Court is loathed to do so, it has no alternative but to grant Plaintiff's IFP Application. That is, the subject Application reflects that Plaintiff does not have her own funds from which to pay the $350.00 filing fee, and the Court has no authority to direct her to use her grandchildren's benefits to pay that fee.

**NOW, THEREFORE, IT IS HEREBY ORDERED that:**

1. Plaintiff's IFP Application is **GRANTED**;

2. The Clerk shall prepare process and deliver it to the U.S. Marshal;

3. The U.S. Marshal shall serve process upon the United States Attorney; and

4. Upon receipt of process, the United States Attorney shall respond in accordance with the Federal Rules of Civil Procedure.

**SO ORDERED.**

Signed: April 9, 2009

Frank D. Whitney
United States District Judge